**Milton E. EVERETT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67987.**

Court of Criminal Appeals of Texas, En Banc.

**April 16, 1986.**

---

Douglas R. Bergen, Waco, for appellant.

Felipe Reyna, Dist. Atty., & Lynn Malone, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appellant was convicted of aggravated robbery. Punishment was assessed at sixty-five years' confinement and a $5,000 fine. Since appellant challenges the sufficiency of the evidence identifying him as the robber, a brief rendition of the facts is required.

The complainant testified that on May 27, 1980, she was working at a convenience store in McLennan County. Between 11:30 a.m. and 12:00 noon that day, a man came into the grocery section of the store and asked the complainant about buying some "C" cell batteries. Complainant turned around to get the batteries and while doing so a second man, identified in court as appellant, came in the store and shot her in the arm. When the complainant turned back around, she saw that appellant was still pointing his gun at her. After robbing the complainant, both men left and the complainant summoned help.

The complainant testified that while she was hospitalized she had been shown two or three photographic lineups. When the last photographic array was shown to her, she identified both men who robbed her. The complainant testified she remembered and identified appellant from her observations on the day of the robbery and not the photographic arrays.

Appellant argues that the evidence is insufficient to show that he was one of the robbers. We disagree. The complainant identified appellant. The evidence is

sufficient. Appellant's first ground of error is overruled.

In his first four grounds of error, appellant argues that the prosecutor made improper jury argument. Because we find reversible error, we will only address one of the alleged instances of improper argument.[1] During his jury argument, the defense attorney argued that his client's life was in jeopardy. In response, the prosecutor made the following argument:

"First of all, Mr. Bergen told you that Milton Everett's life is in jeopardy. Well, it may be when you have heard all of the evidence in this case; it isn't right now. When you hear the rest of the evidence in this case, then you may decide his life is in jeopardy, after you find out a little bit about him.

MR. BERGEN: Your Honor, we would object to that as being improper argument.

THE COURT: Overruled. Just argue the evidence in this phase of the Hearing.

**1.** In his second ground of error, appellant argues that the prosecutor interjected his own personal opinion of appellant's guilt when he argued the following:

"Now, weapons at the time of the arrest. I didn't prove those weapons up other than Mr. Rogers did prove that some were found. Mr. Bergen knew that, and he also knows that the Rules of Evidence that we discussed on voir dire, prevent me from telling you the details about that incident on June 10th, which happened some several days after the incident on May 27th. But I am not allowed to prove that to you; that's why you didn't hear it. That's why.

"Now, if you're going to hold what I am not allowed to do against me because I didn't do it, I apologize and I am sorry for that, and you will just have to let this man go, *guilty though he be.*"

In his fourth ground of error, appellant complains of the prosecutor's personal attack upon defense counsel in his jury argument:

"MR. MALONE: First of all, Mr. Bergen knows that *I can't call a man, knowing he will* claim the Fifth Amendment. That would reverse this case and probably reverse that man's later. He knows that; he is just playing dumb for you now. And he knows the only way—

\* \* \* \* \* \*

"... Sometimes he just gets a little fast and loose with the truth."

MR. MALONE: Yes, sir.

MR. BERGEN: Note our exception, Your Honor."

On appeal, appellant argues that the State's argument injected matters not in evidence and implied prior misconduct of the accused.

■ This Court has held that improper jury argument does not constitute reversible error unless (1) it is manifestly improper, harmful and prejudicial; (2) is violative of a statute, or (3) injects new and harmful facts into the case. *Brandley v. State,* 691 S.W.2d 699 (Tex.Cr.App.1985); *Thomas v. State,* 621 S.W.2d 158, 164 (Tex.Cr.App. 1981) (Opinion on Rehearing). In analyzing the appellant's complaint, we must determine the probable effect that the argument had on the minds of the jurors. *Blansett v. State,* 556 S.W.2d 322, 328 (Tex.Cr.App. 1977).

■ Clearly, the State's argument was an invitation to the jury to speculate on what "the rest of the evidence" was. This

In his last ground of error, appellant argues that the following argument was improper in that he was implying that the community expected a conviction and a severe sentence:

"... And you all might be in her place if we don't do something about what's going on in our society."

and

"... I think when juries in this county start handing down significant verdicts on these kinds of cases, people are going to realize it's expensive to pull armed robberies. And it's expensive to go in and shoot innocent people and wound them, possibly kill then. And they need to know it's expensive. You know from the number of things that are going on right now, right in this very courthouse."

A reading of the prosecutor's entire jury argument reflects numerous instances (including some not even raised on appeal by appellant) where he overstepped the boundaries of proper jury argument. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973).

"It is regrettable that the prosecutor found it necessary to pursue such a course of repeatedly attempting to place matters before the jury which were clearly impermissible. The conduct of the prosecutor could have served no purpose other than to inflame and prejudice the minds of the jurors. Such prosecutorial misconduct cannot be labeled harmless...." *Boyde v. State,* 513 S.W.2d 588 at 593 (Tex.Cr.App.1974).

argument implied the existence of other damaging evidence. In *Berryhill v. State,* 501 S.W.2d 86 (Tex.Cr.App.1973), this Court wrote:

"Argument injecting matters not in the record is clearly improper; but argument inviting speculation is even more dangerous because it leaves to the imagination of each juror whatever extraneous 'facts' may be needed to support an conviction. Logical deductions from evidence do not permit within the rule logical deductions from non-evidence." 501 S.W.2d at 87.

It has long been established that the prosecutor cannot use closing argument to get evidence before the jury which is outside the record and prejudicial to the accused. *Jackson v. State,* 529 S.W.2d 544, 546 (Tex. Cr.App.1975); *Green v. State,* 679 S.W.2d 516 (Tex.Cr.App.1984); *Anderson v. State,* 633 S.W.2d 851 (Tex.Cr.App.1982). The effect of an argument as was made in the instant case is to ask the jury to determine the appellant's guilt or innocence based on collateral matters which the prosecutor improperly interjected by way of his jury argument. *Stearn v. State,* 487 S.W.2d 734 (Tex.Cr.App.1972).

A similar argument was made in *Lookabaugh v. State,* 352 S.W.2d 279 (Tex.Cr. App.1961). In that case the defense attorney urged the jury to acquit his client because if they convicted him it would mean that he had to go to jail and that fact would ruin his life. In his closing argument the prosecutor then argued the following:

" 'It's a reasonable deduction, since he went into this, that this isn't the first time this man has been in jail'.... 'You are not going to degrade him and you're not going to ruin his life. I can't go any further. I have been overruled on that.' " 352 S.W.2d at 279.

This Court reversed Lookabaugh's conviction, finding that this argument placed evidence before the jury which was outside the record and which was extremely harmful to the accused. See also, *Martinez v. State,* 169 Tex.Cr.R. 151, 332 S.W.2d 718 (Tex.Cr.App.1960). We find the same situation in the instant case. Clearly, the prosecutor's argument was extremely prejudicial as to the question of appellant's guilt or innocence.

██ The State argues that because defense counsel made only a general objection error, if any, was not preserved. We find no merit in this argument. The very nature of the prosecutor's argument coupled with defense counsel's objection informed the court of the nature of the error. This is evidenced by the admonitions the trial court gave the prosecutor after overruling defense counsel's objection:

"Just argue the evidence in this phase of the Hearing (sic)."

In this instance we find appellant's objection to be sufficient. Compare: *Daniel v. State,* 550 S.W.2d 72 (Tex.Cr.App.1977).

We find that the prosecutor's argument was so prejudicial as to require a new trial.

The judgment of the trial court is reversed and the cause remanded for a new trial.