IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-216-CR





ZACHARY VON DAVIS, a/k/a ZACHARY NICHOLS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 39,689, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING



 





 Appellant appeals his conviction as a party to the offense of delivery of cocaine of
less than twenty-eight grams. After the jury found appellant guilty, the trial court found the
indictment's enhancement allegations as to a prior felony conviction to be true. The trial court
assessed appellant's punishment at thirty years' imprisonment.

 Appellant does not challenge the sufficiency of the evidence to sustain the
conviction, but does advance two points of error concerning jury argument at the guilt/innocence
stage of the trial. First, appellant contends that the trial court erred in overruling his motion for
a mistrial when the prosecutor asked the jury to speculate on matters not in the evidence. Second,
appellant urges that the trial court erred in overruling his objection to the prosecutor's argument
asking the jury to consider matters not in evidence. We will affirm the judgment of conviction.

 We shall briefly state the facts to place the points of error in proper perspective. 
Coryell County Deputy Sheriff Dale Cobb was assigned to the Killeen Police Department to do
undercover narcotics work. On October 12, 1990, Cobb met Killeen Police Officer John Mosely. 
They discussed the street that they planned to target that evening. Officer Cobb taped a
microphone and transmitter to his body and proceeded in a rental car to the 1300 block of Jefferies
Street in Killeen. He was looking for a man wearing a beige jacket and blue jeans. Officer Cobb
spotted a man fitting the description given him. The man flagged Officer Cobb to a stop and
asked Cobb what he "needed." Officer Cobb replied that he wanted a "boulder" (cocaine
substance). The man, whom Officer Cobb identified as the appellant, got into Cobb's car. 
Appellant directed Cobb to drive up the street about half a block and stop by a house on the left. 
Appellant got out of the car and approached two or three men standing a few feet away. After
a conversation with the appellant, one of the men came to Cobb's car. He was identified as
Richard Avery Wright. It was Wright who delivered a rock of cocaine to Officer Cobb for
money. The chain of custody of the substance was established. Chemist Joel Budge testified that
the substance was 0.11 grams of cocaine.

 Appellant called Wright as a witness. Wright denied selling cocaine to Cobb on
the night in question and stated that he was not associated with the appellant on October 12, 1990,
in connection with any kind of drug transaction. Wright had been acquainted with the appellant
for about twenty-five years, although Wright was much younger. Wright recalled that when he
was in elementary or junior high school he read in the newspaper about appellant competing in
a state track meet as a high jumper and about appellant being a boxing champion at a boys' club. 
On cross-examination, Wright acknowledged that he had read appellant's name "in the paper when
it didn't have to do with track or boxing"; and that he knew appellant "real well." No further
interrogation on this score was undertaken by either party.

 In closing argument at the guilt stage of the trial, the prosecutor recalled Wright's
testimony:



Well, I was aware of him as a boxer and in track and stuff. Yeah, I read his name
in the paper and other things but I don't know what that is. Defense didn't come
back and ask him, well, what did you read about him in the paper? There are
questions that aren't asked in a trial that are sometimes that are extremely
important.


Mr. Brown [defense counsel]: Objection, your Honor. I think the State is asking
the jury to consider something which is not in evidence.


The Court: Any response?


Mr. Convery [Prosecutor]: I'll -- I'll move on from it, your Honor. I said the
question was not asked is significant.


Mr. Brown: Your Honor, I think the jury -- I request that the jury -- do I have a
ruling on my objection, your Honor? I think he's asking them to stipulate
[speculate].


The Court: I sustain the objection. The jury is instructed not to consider it. 
Proceed on.


Mr. Brown: Request a mistrial, your Honor.


The Court: Denied. . . . 



 Appellant points out that he had a prior felony conviction and had been "handled"
on misdemeanor charges; that the court granted his timely request under Tex. R. Crim. Evid.
Ann. 404(b) (Pamph. 1992) for reasonable notice of the State's intent to introduce evidence of
other crimes, wrongs or acts; and that counsel had filed a motion in limine requesting that the
State be ordered not to mention appellant's prior convictions until the admissibility of such
evidence had been determined. The court also granted this motion. Appellant contends this
background should be taken into consideration of his first point of error.

 Broadly speaking, there are four general areas of permissible jury argument: (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument
of opposing counsel; or (4) plea for law enforcement. Kinnamon v. State, 791 S.W.2d 84, 89
(Tex. Crim. App. 1990); Todd v. State, 598 (Tex. Crim. App. 1980); Alejandro v. State, 493
S.W.2d 230 (Tex. Crim. App. 1973). Following an objectionable argument, an instruction by
the court to disregard the comment will normally obviate the error, Bell v. State, 724 S.W.2d 780,
803 (Tex. Crim. App. 1986), except in extreme cases when it appears the argument was clearly
calculated to inflame the minds of the jurors and was of such character as to suggest the
impossibility of withdrawing the impression produced on their minds. Port v. State, 798 S.W.2d
839, 846 (Tex. App. 1990, pet. ref'd). Moreover, in order for an improper argument to rise to
a level mandating reversal, the argument must be extreme or manifestly improper, violative of a
mandatory statute or inject new facts harmful to the accused into the trial. Jacobs v. State, 787
S.W.2d 397, 406 (Tex. Crim. App. 1990); Allridge v. State, 762 S.W.2d 146, 155 (Tex. Crim.
App. 1988). In the instant case, the prosecutor had the right to summarize the evidence and draw
reasonable deductions therefrom. If his inquiry as to why the defense did not ask a certain
question was improper, the court sustained the objection and instructed the jury to disregard. This
was sufficient to cure the error, if any. Pyles v. State, 755 S.W.2d 98, 118 (Tex. Crim. App.),
cert. denied, 488 U.S. 986 (1988). The court did not err in denying the motion for mistrial. The
first point of error is overruled.

 In his second point of error, appellant complains of the prosecutor's argument
asking the jury to consider matters not in the record. During the trial, appellant called four
witnesses who knew him. They listened to the tape made by Officer Cobb and testified that
appellant's voice was not on the tape recording. Appellant's counsel pointed out this evidence and
other discrepancies to the jury. Responding to this argument, the prosecutor noted that the
defense could have had the tape analyzed, and the State had not "because this case is really quite
simple."

 The prosecutor then added:



It's all been laid out to you how it happened. That tape is not necessary by the
way to find this man guilty. There are drug cases that happen all the time where
an agent gets up on the stand and testifies to exactly what . . . . 


Mr. Brown: Object to that what happens . . . I object to any arguments about what
happens in other cases. This jury is to decide this case based upon the event in this
case not which is not what happens in other cases.


The Court: Objection is overruled. Proceed on please.


Mr. Convery: Folks, what I'm trying to tell you is when all you've got is a little
drug transaction, the attack is on the agent who made the deal and they say why
wasn't he wired? Why wasn't there a tape and then when there's a tape, then it's
well, it's not a good tape or it's not a good voice or why was there a video taken? 
There's always going to be something.



 A prosecutor is permitted to summarize the evidence, draw reasonable deductions
from the evidence, respond to argument of opposing counsel, and make a plea for law
enforcement. Briddle v. State, 742 S.W.2d 379, 388-90 (Tex. Crim. App. 1987). Clearly, the
prosecutor in the instant case was discussing the evidence and responding to the argument of
opposing counsel until the time of the complained-of statement. In concluding there was no error,
we find compelling the fact that the prosecutor was unable to complete his statement by virtue of
appellant's objection. We are not inclined to speculate whether the prosecutor's argument would
have encroached upon an improper area for jury argument. Harris v. State, 784 S.W.2d 5, 13
(Tex. Crim. App. 1985), cert. denied, 494 U.S. 1090 (1990); Hodge v. State, 631 S.W.2d 754,
755-56 (Tex. Crim. App. 1982); Carrillo v. State, 566 S.W.2d 902, 913 (Tex. Crim. App. 1978). 
Certainly, it is improper for an attorney to argue outside the record. Everett v. State, 707 S.W.2d
638, 640-41 (Tex. Crim. App. 1986). Here, the prosecutor may well have been heading in that
direction, but the objection stopped him. The objection was based on what "happens in other
cases." After the objection was overruled, the statement was not completed. The prosecutor
instead made an explanation of his previous argument. This was done without objection. Taken
in context, it appears that the prosecutor was arguing that independent of the tape there was
sufficient evidence to convict the appellant. We find no error in the trial court's action in
overruling the objection. If there be error, it was harmless error under Tex. R. App. P. Ann.
81(b)(2) (Pamph. 1992), applying the test set forth in Orona v. State, 791 S.W.2d 125, 129-30
(Tex. Crim. App. 1990). The second point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

[Before Justices Aboussie, Kidd and Onion*]

Affirmed

Filed: August 12, 1992

[Do Not Publish]




* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).