# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-00-00487-CR

**David Paul Frost, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT NO. 4950, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING

While incarcerated pending his appeal of two convictions for aggravated robbery,[1] David Paul Frost pleaded guilty to the offense of escape, a third-degree felony with a punishment range of two to ten years. *See* Tex. Penal Code Ann. § 12.34 (West 1994) & § 38.06 (West Supp. 2001). A jury assessed a sentence of four years in prison. Though he does not challenge the conviction for escape, Frost challenges the sentence. He contends that it was affected by the district court's errors in allowing a police officer to testify about matters beyond his personal knowledge, failing to instruct the jury to disregard evidence about a burglary of a habitation, and allowing the prosecutor to argue outside the record. We will affirm the judgment.

---

[1] The jury convicted based on evidence that Frost, wielding a shovel, and others beat and robbed David Wishert and Nathan Orman. This Court reversed these convictions and remanded the causes for new trial because of jury-charge error. *Frost v. State*, 25 S.W.3d 395, 401 (Tex. App.—Austin 2000, no pet.).

By his first point of error, Frost complains that the court erred in permitting Officer Jay Bauman to testify regarding the following aspects of Frost's aggravated robbery of David Wishert and Nathan Orman about which Bauman had no personal knowledge: (1) the acts that occurred during the robbery, (2) whether the victims provoked the robbery or were armed (Bauman denied both), and (3) Frost's leadership of the robbers.

Frost's complaint ignores testimony from Wishert and Orman that comported with Bauman's testimony on the first two matters. "[I]nadmissible testimony can be rendered harmless if the same or similar evidence is admitted without objection at another point in the trial." *See Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991); *Fain v. State*, 986 S.W.2d 666, 680 (Tex. App.—Austin 1998, pet. ref'd). Though Frost disputes some aspects of Wishert's and Orman's testimony, he does not assert that they lack personal knowledge of the robbery. Their testimony about the robbery eliminates any harm from Bauman's testimony about the acts in the robbery and whether they provoked it by waving a gun. Though Wishert and Orman did not testify that Frost was the lead robber, they did testify that they believed Frost initiated and continued the attack using the shovel—the largest and only manmade tool used in the robbery. The jury saw the lasting scars produced by the blows Frost struck. We conclude beyond a reasonable doubt that Bauman's testimony did not contribute to the jury assessing sentence at two years above the minimum. *See* Tex. R. App. P. 44.2(a). We overrule point one.

By his second point of error, Frost complains that the court erred by failing to instruct the jury to disregard any evidence of a burglary of a habitation. He complains about two instances in which burglary of a habitation was mentioned; both arose during the State's cross-examination of defense witnesses. After Frost's aunt, Naomi Reyno, testified regarding Frost's sweet nature and

potential for rehabilitation, the State asked, "[D]id you know that on or about July of 1996, he was on probation for a juvenile offense of burglary of a habitation?" The court sustained Frost's objection when the prosecutor conceded that the probation was for burglary of a building, not a habitation. The prosecutor then stated, "Ms. Reyno, I apologize, burglary of a building is what I meant but it just came out wrong or building, burglary of a building is what I meant to say, but it didn't come out that way. Were you aware that he was on probation for burglary of a building?" The second instance came during cross-examination of Frost, when the prosecutor asked if there are "no other crimes you would like to tell us about?" After the court overruled Frost's asked-and-answered objection, Frost responded, "I know that while I was in Burnet County that they tried to charge me for some, some burglary of a habitation but to this day I know that I had nothing to do with that and that's pending so or I don't know what's happening. I don't think they are going through with that."

We find no error in the court's refusal to instruct the jury to disregard evidence of the burglary of a habitation. In the first instance, there was no evidence; there was only the prosecutor's question mentioning burglary of a habitation, which was withdrawn as a misstatement. The only evidence of burglary of a habitation came in the second instance and was volunteered by Frost in response to the prosecutor's open-ended question. Frost did not object to his own testimony at the time he gave it, denied committing the offense, and opined that he did not think that any prosecution was forthcoming. We find no error, and certainly no harm, in the district court's refusal to instruct the jury to disregard either the State's admitted and withdrawn mistaken question or Frost's voluntary denial of wrongdoing. We overrule point two.

By point of error three, Frost contends that the court erred by allowing the prosecutor to argue outside the record. He complains that the following statements regarding the aggravated

3

robbery trial were outside the record: (1) that Orman's skull was cracked by the shovel blow; (2) that Orman and Wishert, the victims, did not have criminal records; and (3) that the jury in the robbery trial did not accept Frost's self-defense claim or believe the victims had a gun. All three statements are outside the record to varying degrees. We conclude, however, that none of the statements constitutes reversible error.

Proper jury argument includes four areas: (1) summation of the evidence presented at trial, (2) reasonable deduction drawn from that evidence, (3) answer to the opposing counsel's argument, or (4) a plea for law enforcement. *Wilson v. State*, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). To constitute reversible error, the argument must be manifestly improper or inject new, harmful facts into the case. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Everett v. State*, 707 S.W.2d 638, 640 (Tex. Crim. App. 1986).

There was no evidence that Orman's skull was cracked by a shovel blow. Orman testified that his scalp was split so that the skull was visible, that the wound required twenty-four staples and two stitches, and that, almost two years after the attack, he had a two-inch scar and an indentation in his head. Given the injuries actually inflicted, we conclude the hyperbolic declaration that Orman's skull was cracked did not harm Frost.

There was no evidence regarding the criminal records of Orman or Wishert. (No evidence indicates that the assertion they have none is false.) Clean records would not excuse them for provoking the aggravated robbery, and Frost introduced evidence that they provoked the attack and his attorney asserted that they were liars for denying it. Though the assertion is outside the

4

record, we conclude that the assertion that victims of a crime not at issue did not have criminal records did not harm Frost, especially in the absence of any indication that the assertion was false.

There was no evidence in the record that Frost presented the gun-waving victim theory or self-defense plea in the aggravated-robbery trial. In response to Frost's assertion in closing argument that Orman hedged about friction preceding the robbery, lied about the robbers threatening to rape his female companions, and lied when denying brandishing a gun at the robbers, the prosecutor argued the following:

> He wants mercy from you, mercy. Think about how you spell, mercy. M-e-r-c-y, m-e, that's me. David Frost wants mercy from you. He's only thinking of himself, mercy. He's not responsible for anything in this case.
>
> No. It's not my fault. They had a gun on that other case. Well, I tell you what, on that other case, 12 jurors didn't buy that because they convicted him. They didn't believe anything about this gun.
>
> Mercy. David wants mercy from you because he's concerned about himself.
>
> No, he needs . . . mercy.

Frost injected into that ellipsis his objection that this argument was outside the record; he then objected that the argument was hearsay. It is not clear that the objection was applicable to or timely to oppose the statement about the previous trial. Even if the objection preserved the error asserted on appeal, we do not find any reversible error. The only non-record-based assertion is that the issue of whether the victims had a gun was raised and rejected in the robbery trial. (Whether Frost testified in the previous trial is irrelevant because there is no assertion that he did; Frost could certainly raise the defense in ways other than through his own testimony.) Though the State might reasonably deduce from Frost's conviction for aggravated robbery that the jury did not accept a self-defense

5

argument in that trial, there is no evidence that the jury in that case heard testimony of gun-waving victims or a self-defense plea. By contrast, the jurors in this case had before them testimony on the issue. They heard Frost's assertion that somebody waved a gun and heard the victims' denial that they possessed or waved a gun to provoke Frost's admitted attack with the shovel. We conclude that Frost was not harmed by the State's assertion that another jury rejected a claim that may not have been before them and on which the jurors in this case heard conflicting testimony.

Though Frost has correctly noted that the State argued outside the record on several occasions, we conclude that none of these instances were manifestly improper or injected harmful facts into the case. We overrule point three.

Having concluded that none of the asserted errors requires reversal, we affirm the judgment.

 

 

_____

—

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: August 30, 2001

Do Not Publish