Opinion Issued December 9, 2004











     


In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00746-CR




JUSTIN JAMA HERBERT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1158495




MEMORANDUM OPINION

          Appellant, Justin Jama Herbert, pleaded not guilty to the misdemeanor offense
of theft.


 The jury found appellant guilty, assessed punishment at a $100 fine and 90
days’ confinement, and recommended that appellant be placed on community
supervision. The trial court suspended appellant’s confinement and placed him on
18 months’ community supervision. In two points of error, appellant contends that
the evidence is legally and factually insufficient to support his conviction because the
State failed to establish that appellant was the man who committed the theft. We
affirm.
Facts
          Early one morning in February 2003, a Stein Mart Inc. store was being re-merchandised and re-carpeted. A store manager, Jean Castaneda, was supervising
three groups of workers. One group consisted of two white female Stein Mart
associates. The second group was a crew that was re-carpeting part of the store. The
carpet crew consisted of four black men, ages 30-45 years, who wore jeans and knee
pads. The third group worked for a temporary hiring agency and had been hired to
help move the merchandise while the store was being re-carpeted. The group of
movers consisted of three black men, ages 18-25 years, who wore jean shorts. Two
movers were wearing blue tee-shirts and one wore a white tee-shirt. Appellant was
a member of the moving group. 
          Houston Police Officer Gould testified that he was on routine patrol when he
drove up to the back side of the Stein Mart store. He saw two men wearing blue tee-shirts throw some large objects to the ground near a dumpster and then run inside the
store. Officer Gould testified that he believed that a burglary was in progress. He
immediately called for back-up assistance. While waiting for additional police
officers to arrive, Officer Gould walked over to the dumpster near where the two men
dropped the objects; he found two comforters wrapped in plastic with price tags from
Stein Mart still attached. Officer Gould, accompanied by police assistance, entered
the back door of the Stein Mart. He immediately saw appellant and recognized him
as the large man whom he had seen with the merchandise outside. Officer Gould
testified that appellant was now wearing a different colored tee-shirt, appeared
nervous and sweaty, and ignored the police officers. Officer Gould asked appellant
if he had been wearing a different tee-shirt; appellant answered ‘yes’ and said that he
put it into one of the boxes. Officer Gould testified that he was positive appellant was
one of the men he had seen outside with a comforter. 
          On cross-examination, Officer Gould testified that he arrived at the Stein Mart
at night, but the back lot was lighted. He explained that he was about 20 feet away
from appellant and the other man when he first saw them. Officer Gould said he
interviewed appellant and one other man, but did not interview anyone from the
carpet crew. Officer Gould stated again that he was absolutely positive about his
identification of appellant and was not mistaken. On re-direct examination, Officer
Gould testified that appellant was not wearing knee pads. 
          The store manager, Castaneda, testified that he did not authorize anyone to
remove merchandise from the store. On cross-examination, Castaneda testified that
a member of the carpet crew could have placed the comforters in a bin he had been
using to dispose of old carpet and could have brought the bin filled with comforters
out to the dumpster. On re-direct examination, Castaneda testified there was no one
else in the store that night who resembled appellant. 
DiscussionLegal Sufficiency
          We review the legal sufficiency of the evidence by reviewing all of the
evidence in the light most favorable to the verdict to determine whether any rational
fact finder could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). Although our analysis considers all
evidence presented at trial, we may not reweigh the evidence and substitute our
judgment for that of the fact finder. King, 29 S.W.3d at 562. As the exclusive judges
of the facts, the credibility of the witnesses, and the weight to be given their
testimony, a jury may believe or disbelieve all or any part of a witnesses’s testimony. 
McKinney v. State, 76 S.W.3d 463, 468-69 (Tex. App.—Houston [1st Dist.] 2002, no
pet.). We will not substitute our judgment for that of the fact finder. Id. at 469.
          A person commits theft if, he “unlawfully appropriates property with intent to
deprive the owner of property.” Tex. Pen. Code Ann. § 31.03(a) (Vernon 2003). 
Appropriate means “to acquire or otherwise exercise control over property.” Tex.
Pen. Code Ann. §31.01(4)(B) (Vernon 2003). The State must prove that the person
who committed the offense is the same person who is standing trial. Johnson v. State,
673 S.W.2d 190, 196 (Tex. Crim. App. 1984). A positive identification of a
defendant is sufficient to support a conviction. See Everett v. State, 707 S.W.2d 638,
639-40 (Tex. Crim. App. 1986); Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim.
App. 1978).
          Officer Gould testified that he saw two men drop large objects onto the ground
near a dumpster. He was approximately 20 feet away from the dumpster when he saw
the men. Officer Gould testified that, once he believed there was a burglary in
progress, he focused on the two suspects. He could see that both men were wearing
blue tee-shirts. Officer Gould further testified that appellant seemed nervous when
he walked into the store and that it seemed suspicious that appellant completely
ignored him. Appellant admitted to Officer Gould that he had taken off his blue tee-shirt. Both Officer Gould and Castaneda testified that no one in the store matched
appellant’s physical appearance; appellant was heavy-set, “bigger than most people,”
and the “biggest person . . . in the store.” Officer Gould testified that he was positive
the man he saw running from the dumpster after dropping a large object near it was
not wearing kneepads, which all the carpet crew were wearing. 
          After examining the record, we conclude that a rational trier of fact could have
found, beyond a reasonable doubt, that appellant committed the offense of theft. 
Accordingly, we hold that the evidence was legally sufficient to support appellant’s
conviction. 
          We overrule appellant’s first point of error.
          Factual Sufficiency
          We begin the factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004)). We must defer appropriately to the fact finder to avoid
substituting our judgment for its judgment. Zuniga, 144 S.W.3d at 481-82. Our
evaluation may not intrude upon the fact finder’s role as the sole judge of the weight
and credibility accorded any witness’s testimony. Cain, 958 S.W.2d at 407. What
weight to be given contradictory testimonial evidence is within the sole province of
the fact finder because it turns on an evaluation of credibility and demeanor. Id. at
408. The fact finder may choose to believe all, some, or none of the testimony
presented. Id. at 407. We must consider the most important evidence that the
appellant claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). 
          The only contradictory evidence presented at trial was the cross-examination
testimony of Castaneda, who testified that it was possible that a black male working
on the carpet crew, and not the appellant, could have placed the comforters inside a
carpet bin and taken them out to the dumpster. On re-direct examination, Castaneda
testified that no other person at the store that night resembled appellant. 
          What weight to give any contradictory testimonial evidence presented is within
the sole province of the jury, as it turns on an evaluation of credibility and demeanor. 
Cain, 958 S.W.2d at 408-09. Thus, the jury was free to believe all or any part of the
testimony of the State’s witnesses. A court of appeals must show deference to such
a jury finding. Id. at 409. A jury’s decision is not manifestly unjust merely because
the jury resolved conflicting views of evidence in favor of the State. Id. at 410. 
          Accordingly, after examining all of the evidence neutrally, we hold that the
proof of guilt was not so obviously weak as to undermine confidence in the jury’s
determination; nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard could not have been met.
We overrule appellant’s second point of error.
Conclusion 
          We affirm the judgment of the trial court. 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).