SMEETON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-186-CR

PHILIP LEE SMEETON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Philip Lee Smeeton appeals his conviction for driving while intoxicated.  In one issue, he contends that the trial court reversibly erred by overruling defense counsel’s objection to improper jury argument in which the prosecutor strayed from the record.  We affirm.

BACKGROUND

Appellant was charged with the misdemeanor offense of driving while intoxicated following a traffic accident involving another vehicle in Arlington, Texas, in the early evening of August 2, 2002.  James Cummings, driver of the other vehicle, testified that he and his family were on vacation in Arlington and had stopped at a Fina gas station on the service road of Interstate 30 for drinks after spending the day at Hurricane Harbor.  Cummings testified that as he turned right into the right lane of the two-lane service road from the Fina station’s parking lot, he observed a Mercedes approaching in the left lane of the service road.  

According to Cummings, the Mercedes moved over into the right lane and sideswiped the left rear side of the Cummings’s vehicle, pushing it off the road and some thirty feet into adjacent bushes.  Cummings testified that Appellant slowly got out of the Mercedes and did not answer but merely shrugged when Cummings asked him why he had changed lanes.  Appellant then walked away to the Fina station.  

Officer Nillpraphan of the Arlington Police Department was dispatched to the scene.  He testified that he observed a pickup truck with damage to the left portion of the bed sitting off the road in the bushes and a dark-colored Mercedes with front-end damage sitting in the right-hand lane of the service road.  Officer Nillpraphan first checked on the welfare of the occupants of the vehicles and confirmed that they seemed okay.  He spoke with Cummings and observed Appellant as he returned from the Fina station wearing sunglasses and sipping iced tea.  

As he asked for Appellant’s driver’s license, Officer Nillpraphan said, he began to smell alcohol on Appellant’s breath, Appellant’s speech was slightly slurred, and he swayed as he stood there talking with the officer.  When Appellant removed his sunglasses, the officer further testified, Appellant’s eyes appeared glazed and bloodshot.  According to the officer, these observations indicated possible intoxication.  Officer Nillpraphan testified that he conducted the Horizontal Gaze Nystagmus (HGN) test.  He attempted to have Appellant perform the walk-and-turn test, but Appellant was angry and would not properly perform the test despite being given the instructions twice and refused to perform the one-leg-stand test.  Based upon Appellant’s performance on the HGN and the walk-and-turn tests, Officer Nillpraphan placed Appellant under arrest for driving while intoxicated.  At the police station, Appellant refused to perform the walk-and-turn and one-leg-stand tests on videotape.  Officer Nillpraphan concluded that Appellant was intoxicated and had lost the normal use of his physical and mental faculties due to use of alcohol. 

The third witness was Officer Garza of the Arlington Police Department, who investigated the accident, took measurements, and questioned witnesses. Officer Garza testified that Appellant told her that he had been in the outside (right-hand) lane of the service road and that the other vehicle pulled out in front of him.  She noticed, when Appellant was telling her what happened, that his speech was slurred and that his breath smelled of an alcoholic beverage.  In searching Appellant’s vehicle after his arrest, Officer Garza further testified, she found an empty plastic cup on the floorboard of the car with the odor of an alcoholic beverage.  Following the jury’s verdict of guilty, the court sentenced Appellant to 180 days in jail probated for one year and ordered him to pay a fine of $750.    

ANALYSIS

In his single issue, Appellant complains that the trial court erred by overruling defense counsel’s “outside the record” objection to the following jury argument by the prosecutor during the guilt/innocence phase of the trial:

[Prosecutor]:  And we have got like fifty pictures here of the area.  I think you guys know by now what it looks like; okay?  There’s a service road that runs for almost - more than two football fields from the exit to the gas station.  The speed is –

[Defense counsel]: I’m going to object.

[Prosecutor]: –  forty miles an hour.

[Defense counsel]: That’s not in evidence – the distance.

[Prosecutor]: It’s a reasonable inference from the pictures, Your Honor.

[The Court]: Overruled. 

Permissible jury argument falls within four areas:  (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) responses to the defendant’s argument; and (4) pleas for law enforcement.  
Wesbrook v. State
, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001); 
Coble v. State
, 871 S.W.2d 192, 204 (Tex. Crim. App. 1993), 
cert. denied
, 513 U.S. 829 (1994).  Counsel is generally afforded wide latitude in drawing inferences from the record, as long as the inferences are reasonable and offered in good faith. 
 See Coble, 
871 S.W.2d at 205.  But it has long been established that a prosecutor cannot use closing argument to place matters before the jury that are outside the record and prejudicial to the accused. 
Everett v. State,
 707 S.W.2d 638, 641 (Tex. Crim. App. 1986).  Arguments referencing matters that are not in evidence and may not be inferred from the evidence are usually “designed to arouse the passion and prejudices of the jury and as such are highly inappropriate.” 
Borjan v. State,
 787 S.W.2d 53, 57 (Tex. Crim. App. 1990); 
Thompson v. State, 
89 S.W.3d 843, 850 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).
 Appellant argues that nothing in the evidence supports  an inference of a distance of “over two football fields” between the exit from I-30 and the Fina station.  The State responds that during trial, the prosecution entered into evidence a series of photographs of the service road, the Fina station, and the area in between, including an aerial photograph.  In particular, the State points to its Exhibit 12 as showing the service road “entry” and the Fina station and urges that the prosecutor’s approximation of the distance between that entry and the service station is a reasonable deduction from the photographs. 

The prosecution identified the photographs introduced into evidence at trial through Officer Nillpraphan, who agreed that State’s Exhibits 12 and 13 showed the Fina station, that State’s Exhibit 16 was an aerial view of Interstate 30, depicting the service road “over here” and the Fina station “right over here,” and that in State’s Exhibit 12, “we are actually looking at the service road . . . and there’s a Fina gas station right there (indicating).”  That exhibit also showed a road feeding into the service road.  If a vehicle were coming off I-30 and going toward Dallas, it would be “going from this side to this side (indicating).”  While the testimony generally refers to a vehicle exiting from I-30, we find no depiction in any of these photographs of the exit from I-30 onto the service road, nor do we see any depiction of an exit or “entry” in State’s Exhibit 12.  Moreover, while there was a reference to measurements having been taken by Officer Garza, there was no testimony as to any such measurements from the exit to the Fina station.  The only evidence in the record remotely referencing distance is to the contrary.  Mr. Cummings, the driver of the other vehicle involved in the accident, acknowledged on cross-examination that the exit ramp coming off I-30 went right past the Fina station and that cars exiting the freeway would be merging fairly quickly.   

We agree with Appellant that the prosecutor’s jury argument was outside the record.  We find nothing in the record from which the prosecutor’s argument could be considered a reasonable deduction from the evidence.  Nor did it fall within any of the other categories of permissible jury argument.  Indeed, the State does not contend that the argument summarized the evidence, answered an argument of opposing counsel, or was a plea for law enforcement.  Consequently, we conclude that the argument was improper and that the trial court erred by overruling defense counsel’s objection.  

Having found that the argument was improper, we must determine whether the error was harmful. 
 
If argument exceeds the bounds of proper jury argument, the trial court’s error in overruling a defendant’s objection is not reversible unless, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the verdict.  
Martinez v. State,  
17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).

Improper argument that strays from the record is nonconstitutional and constitutes “other errors” within rule 44.2(b). 
Tex. R. App.  P
. 44.2(b); 
Mosley,
 983 S.W.2d at 259.  A nonconstitutional error “that does not affect substantial rights must be disregarded.” 
Tex. R. App. P. 
44.2(b); 
Martinez,
 17 S.W.3d at 692.  Even when arguments exceed the boundaries of permissible arguments, they will not constitute reversible error unless they are manifestly improper, violate a mandatory statute, or inject new, harmful facts into the case. 
Wesbrook,
 29 S.W.3d at 115. 

In determining whether Appellant’s substantial rights were affected, we consider (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor’s remarks), (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). 
Martinez,
 17 S.W.3d at 692-93; 
Mosley,
 983 S.W.2d at 259.
 In analyzing the prosecutor’s argument in light of these factors, we conclude that the error was harmless.  As to the severity of the misconduct, Appellant argues that the improper more-than-two-football-fields’ approximation concerned the critical element of whether he had lost the normal use of his physical and mental faculties as alleged in the indictment.  In other words, Appellant contends that the prosecutor was suggesting that Appellant should have seen the Cummings vehicle pulling onto the service road because of the great distance of his vehicle from the Fina station as Appellant exited from I-30. But the jury had equal opportunity to view the photographs upon which the prosecutor expressly based his “inference” and had equal ability to determine whether the distance could be inferred from the photographs.  It is thus unlikely that the jury gave the prosecutor’s comment any credence.   

Additionally, the prosecutor’s reference to the distance was brief and was made only once. 
See Rudd v. State,
 921 S.W.2d 370, 372 (Tex. App.—Texarkana 1996, pet. ref’d) (stating that improper comment was made briefly and only once and, therefore, was likely to have had little effect on the jury); 
Holmes v. State,
 962 S.W.2d 663, 675 (Tex. App.—Waco 1998, pet. ref’d, untimely filed) (holding improper jury argument harmless when State did not repeat the argument and offered overwhelming evidence establishing guilt).  Therefore, we hold that, considered in context, the argument did not amount to severe misconduct by the State.
 The second factor does not apply here because the objection was overruled and no curative instruction was called for.  The third factor favors the State because there was ample evidence, absent the comment, that Appellant lacked the normal use of his physical and mental faculties due to the use of alcohol.  Appellant drove his vehicle into the rear left panel of Cummings’s truck.  Officers Nillpraphan and Garza both testified that Appellant smelled of alcohol and that his speech was slurred.  During the HGN test, Officer Nillpraphan observed lack of smooth pursuit, nystagmus at maximum deviation, and onset of nystagmus prior to forty-five degrees in both eyes, all of which indicated intoxication.  Appellant was uncooperative, failed to follow the officer’s instructions for the walk-and-turn test, and refused to perform the one-leg-stand test.  Officer Garza found the empty cup smelling of an alcoholic beverage inside Appellant’s vehicle.  Finally, Officer Nillpraphan concluded that Appellant was intoxicated and that he had lost the normal use of his physical and mental faculties due to alcohol use.  After analyzing the improper argument in light of the record as a whole, we conclude that it did not affect Appellant’s substantial rights and that it was, therefore, harmless.  Thus, we overrule Appellant’s point.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the conviction and judgment of the trial court.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 25, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.