COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-186-CR

 

 

PHILIP LEE SMEETON                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Philip Lee Smeeton appeals
his conviction for driving while intoxicated. 
In one issue, he contends that the trial court reversibly erred by
overruling defense counsel=s objection to improper jury argument in which the prosecutor strayed
from the record.  We affirm.

 








                                          BACKGROUND

Appellant was charged with
the misdemeanor offense of driving while intoxicated following a traffic
accident involving another vehicle in Arlington, Texas, in the early evening of
August 2, 2002.  James Cummings, driver
of the other vehicle, testified that he and his family were on vacation in
Arlington and had stopped at a Fina gas station on the service road of
Interstate 30 for drinks after spending the day at Hurricane Harbor.  Cummings testified that as he turned right
into the right lane of the two-lane service road from the Fina station=s parking lot, he observed a Mercedes approaching in the left lane of
the service road.  

According to Cummings, the
Mercedes moved over into the right lane and sideswiped the left rear side of
the Cummings=s vehicle,
pushing it off the road and some thirty feet into adjacent bushes.  Cummings testified that Appellant slowly got
out of the Mercedes and did not answer but merely shrugged when Cummings asked
him why he had changed lanes.  Appellant
then walked away to the Fina station.  








Officer Nillpraphan of the
Arlington Police Department was dispatched to the scene.  He testified that he observed a pickup truck
with damage to the left portion of the bed sitting off the road in the bushes
and a dark-colored Mercedes with front-end damage sitting in the right-hand
lane of the service road.  Officer
Nillpraphan first checked on the welfare of the occupants of the vehicles and
confirmed that they seemed okay.  He
spoke with Cummings and observed Appellant as he returned from the Fina station
wearing sunglasses and sipping iced tea. 


As he asked for Appellant=s driver=s license,
Officer Nillpraphan said, he began to smell alcohol on Appellant=s breath, Appellant=s speech was slightly slurred, and he swayed as he stood there talking
with the officer.  When Appellant removed
his sunglasses, the officer further testified, Appellant=s eyes appeared glazed and bloodshot. 
According to the officer, these observations indicated possible
intoxication.  Officer Nillpraphan
testified that he conducted the Horizontal Gaze Nystagmus (HGN) test.  He attempted to have Appellant perform the
walk-and-turn test, but Appellant was angry and would not properly perform the
test despite being given the instructions twice and refused to perform the
one-leg-stand test.  Based upon Appellant=s performance on the HGN and the walk-and-turn tests, Officer
Nillpraphan placed Appellant under arrest for driving while intoxicated.  At the police station, Appellant refused to
perform the walk-and-turn and one-leg-stand tests on videotape.  Officer Nillpraphan concluded that Appellant
was intoxicated and had lost the normal use of his physical and mental
faculties due to use of alcohol. 








The third witness was Officer
Garza of the Arlington Police Department, who investigated the accident, took
measurements, and questioned witnesses. Officer Garza testified that Appellant
told her that he had been in the outside (right-hand) lane of the service road
and that the other vehicle pulled out in front of him.  She noticed, when Appellant was telling her
what happened, that his speech was slurred and that his breath smelled of an
alcoholic beverage.  In searching
Appellant=s vehicle
after his arrest, Officer Garza further testified, she found an empty plastic
cup on the floorboard of the car with the odor of an alcoholic beverage.  Following the jury=s verdict of guilty, the court sentenced Appellant to 180 days in jail
probated for one year and ordered him to pay a fine of $750.    

                                             ANALYSIS

In his single issue,
Appellant complains that the trial court erred by overruling defense counsel=s Aoutside the
record@ objection to the following jury argument by the prosecutor during the
guilt/innocence phase of the trial:

[Prosecutor]:  And we have got like fifty pictures here of
the area.  I think you guys know by now
what it looks like; okay?  There=s a
service road that runs for almost - more than two football fields from the exit
to the gas station.  The speed is B

 

[Defense counsel]:       I=m going to object.

 

[Prosecutor]:       B  forty miles an hour.

 

[Defense counsel]:       That=s not in evidence B the
distance.








[Prosecutor]:       It=s a reasonable inference from
the pictures, Your Honor.

 

[The Court]:        Overruled. 

 








Permissible jury argument
falls within four areas:  (1) summation
of the evidence; (2) reasonable deductions from the evidence; (3) responses to
the defendant=s argument;
and (4) pleas for law enforcement.  Wesbrook
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), cert. denied,
532 U.S. 944 (2001); Coble v. State, 871 S.W.2d 192, 204 (Tex. Crim.
App. 1993), cert. denied, 513 U.S. 829 (1994).  Counsel is generally afforded wide latitude
in drawing inferences from the record, as long as the inferences are reasonable
and offered in good faith.  See Coble,
871 S.W.2d at 205.  But it has long
been established that a prosecutor cannot use closing argument to place matters
before the jury that are outside the record and prejudicial to the accused. Everett
v. State, 707 S.W.2d 638, 641 (Tex. Crim. App. 1986).  Arguments referencing matters that are not in
evidence and may not be inferred from the evidence are usually Adesigned to arouse the passion and prejudices of the jury and as such
are highly inappropriate.@ Borjan
v. State, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990); Thompson v. State, 89
S.W.3d 843, 850 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).   Appellant argues that
nothing in the evidence supports  an
inference of a distance of Aover two football fields@ between the exit from I-30 and the Fina station.  The State responds that during trial, the
prosecution entered into evidence a series of photographs of the service road,
the Fina station, and the area in between, including an aerial photograph.  In particular, the State points to its
Exhibit 12 as showing the service road Aentry@ and the
Fina station and urges that the prosecutor=s approximation of the distance between that entry and the service
station is a reasonable deduction from the photographs. 








The prosecution identified
the photographs introduced into evidence at trial through Officer Nillpraphan,
who agreed that State=s Exhibits
12 and 13 showed the Fina station, that State=s Exhibit 16 was an aerial view of Interstate 30, depicting the
service road Aover here@ and the Fina station Aright over here,@ and that in
State=s Exhibit 12, Awe are
actually looking at the service road . . . and there=s a Fina gas station right there (indicating).@  That exhibit also showed a
road feeding into the service road.  If a
vehicle were coming off I-30 and going toward Dallas, it would be Agoing from this side to this side (indicating).@  While the testimony generally
refers to a vehicle exiting from I-30, we find no depiction in any of these
photographs of the exit from I-30 onto the service road, nor do we see any depiction
of an exit or Aentry@ in State=s Exhibit
12.  Moreover, while there was a
reference to measurements having been taken by Officer Garza, there was no
testimony as to any such measurements from the exit to the Fina station.  The only evidence in the record remotely
referencing distance is to the contrary. 
Mr. Cummings, the driver of the other vehicle involved in the accident,
acknowledged on cross-examination that the exit ramp coming off I-30 went right
past the Fina station and that cars exiting the freeway would be merging fairly
quickly.   

We agree with Appellant that
the prosecutor=s jury argument
was outside the record.  We find nothing
in the record from which the prosecutor=s argument could be considered a reasonable deduction from the
evidence.  Nor did it fall within any of
the other categories of permissible jury argument.  Indeed, the State does not contend that the
argument summarized the evidence, answered an argument of opposing counsel, or
was a plea for law enforcement. 
Consequently, we conclude that the argument was improper and that the
trial court erred by overruling defense counsel=s objection.  

Having found that the
argument was improper, we must determine whether the error was harmful.  If argument exceeds the bounds of proper
jury argument, the trial court=s error in overruling a defendant=s objection is not reversible unless, in light of the record as a
whole, the argument had a substantial and injurious effect or influence on the
verdict.  Martinez v. State,  17 S.W.3d 677, 692-93 (Tex. Crim. App.
2000); Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op
on reh=g), cert. denied, 526 U.S. 1070 (1999).








Improper argument that strays
from the record is nonconstitutional and constitutes Aother errors@ within rule
44.2(b). Tex. R. App.  P. 44.2(b); Mosley, 983 S.W.2d
at 259.  A nonconstitutional error Athat does not affect substantial rights must be disregarded.@ Tex. R. App. P. 44.2(b);
Martinez, 17 S.W.3d at 692.  Even
when arguments exceed the boundaries of permissible arguments, they will not
constitute reversible error unless they are manifestly improper, violate a
mandatory statute, or inject new, harmful facts into the case. Wesbrook,
29 S.W.3d at 115. 








In determining whether
Appellant=s
substantial rights were affected, we consider (1) the severity of the
misconduct (the magnitude of the prejudicial effect of the prosecutor=s remarks), (2) measures adopted to cure the misconduct (the efficacy
of any cautionary instruction by the judge), and (3) the certainty of
conviction absent the misconduct (the strength of the evidence supporting the
conviction). Martinez, 17 S.W.3d at 692-93; Mosley, 983 S.W.2d at
259.        In analyzing the prosecutor=s argument in light of these factors, we conclude that the error was
harmless.  As to the severity of the
misconduct, Appellant argues that the improper more-than-two-football-fields= approximation concerned the critical element of whether he had lost
the normal use of his physical and mental faculties as alleged in the
indictment.  In other words, Appellant
contends that the prosecutor was suggesting that Appellant should have seen the
Cummings vehicle pulling onto the service road because of the great distance of
his vehicle from the Fina station as Appellant exited from I-30. But the jury
had equal opportunity to view the photographs upon which the prosecutor
expressly based his Ainference@ and had equal ability to determine whether the distance could be
inferred from the photographs.  It is
thus unlikely that the jury gave the prosecutor=s comment any credence.   








Additionally, the prosecutor=s reference to the distance was brief and was made only once. See
Rudd v. State, 921 S.W.2d 370, 372 (Tex. App.CTexarkana 1996, pet. ref=d) (stating that improper comment was made briefly
and only once and, therefore, was likely to have had little effect on the
jury); Holmes v. State, 962 S.W.2d 663, 675 (Tex. App.CWaco 1998, pet. ref=d, untimely filed) (holding improper jury argument harmless when State
did not repeat the argument and offered overwhelming evidence establishing
guilt).  Therefore, we hold that,
considered in context, the argument did not amount to severe misconduct by the
State.        The second factor does not
apply here because the objection was overruled and no curative instruction was
called for.  The third factor favors the
State because there was ample evidence, absent the comment, that Appellant
lacked the normal use of his physical and mental faculties due to the use of
alcohol.  Appellant drove his vehicle
into the rear left panel of Cummings=s truck.  Officers Nillpraphan
and Garza both testified that Appellant smelled of alcohol and that his speech
was slurred.  During the HGN test,
Officer Nillpraphan observed lack of smooth pursuit, nystagmus at maximum
deviation, and onset of nystagmus prior to forty-five degrees in both eyes, all
of which indicated intoxication. 
Appellant was uncooperative, failed to follow the officer=s instructions for the walk-and-turn test, and refused to perform the
one-leg-stand test.  Officer Garza found
the empty cup smelling of an alcoholic beverage inside Appellant=s vehicle.  Finally, Officer
Nillpraphan concluded that Appellant was intoxicated and that he had lost the
normal use of his physical and mental faculties due to alcohol use.  After analyzing the improper argument in
light of the record as a whole, we conclude that it did not affect Appellant=s substantial rights and that it was, therefore, harmless.  Thus, we overrule Appellant=s point.

                                           CONCLUSION

Having overruled Appellant=s sole point, we affirm the conviction and judgment of the trial
court.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.








DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 25, 2006











[1]See Tex. R. App. P. 47.4.