

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-262-CR**

GENE NEWTON                                                          APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Gene Newton appeals his conviction for possession of a controlled substance. We affirm.

A jury convicted appellant of possession with intent to deliver four or more but less than 200 grams of cocaine.[2] At the punishment phase, appellant

------------

[1]*See* Tex. R. App. P. 47.4.

[2]Tex. Health & Safety Code Ann. § 481.112(d)(Vernon 2003).

pleaded true to enhancement allegations and the trial court sentenced him to twenty-five years' confinement.

In his sole point, appellant contends that the trial court abused its discretion by not granting a mistrial after sustaining appellant's objection to the State's jury argument and issuing an instruction to disregard.

When the trial court sustains an objection raised on the basis of improper jury argument and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court abused its discretion by denying the mistrial.[3] Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, i.e., "so prejudicial that expenditure of further time and expense would be wasteful and futile," will a mistrial be required.[4] In determining whether the trial court abused its discretion by denying the mistrial, we balance three factors: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of conviction absent the misconduct.[5]

---

[3]*Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

[4]*Id.; see also Simpson v. State,* 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied,* 542 U.S. 905 (2004).

[5]*Hawkins,* 135 S.W.3d at 77; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

In response to defense counsel's closing argument that the police arrested appellant before they had probable cause and, consequently, before they were legally authorized to do so, the prosecutor stated that she and the police were sworn to uphold the constitution and laws of the state. The trial court sustained appellant's objection to the argument, instructed the jury to disregard, but denied appellant's motion for mistrial.

Although the prosecutor's comment that she and the police had sworn to uphold the law was improper in that it placed matters before the jury that were outside the record,[6] the comment was not extreme and was made in response to defense counsel's argument that the police exceeded their authority in making the arrest. Further, we find the trial court's prompt instruction to disregard was sufficient to cure any error and that, based on the evidence presented at trial, the comment had no effect on the outcome of trial.

We overrule appellant's sole point and affirm the judgment.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: October 2, 2008

---

[6]*See Everett v. State*, 707 S.W.2d 638, 641 (Tex. Crim. App. 1986).