COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

                                           NO.
2-07-262-CR

 

 

GENE NEWTON                                                                    APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

Appellant Gene Newton appeals
his conviction for possession of a controlled substance.  We affirm.








A jury convicted appellant of
possession with intent to deliver four or more but less than 200 grams of
cocaine.[2]  At the punishment phase, appellant pleaded
true to enhancement allegations and the trial court sentenced him to
twenty-five years=
confinement. 

In his sole point, appellant
contends that the trial court abused its discretion by not granting a mistrial
after sustaining appellant=s objection to the State=s jury argument and issuing an instruction to disregard.

When the trial court sustains
an objection raised on the basis of improper jury argument and instructs the
jury to disregard but denies a defendant=s motion for a mistrial, the issue is whether the trial court abused
its discretion by denying the mistrial.[3]  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, i.e., Aso prejudicial that expenditure of further time and expense would be
wasteful and futile,@ will a
mistrial be required.[4]   In determining whether the trial court
abused its discretion by denying the mistrial, we balance three factors:  (1) the severity of the misconduct
(prejudicial effect), (2) curative measures, and (3) the certainty of
conviction absent the misconduct.[5]









In response to defense
counsel=s closing argument that the police arrested appellant before they had
probable cause and, consequently, before they were legally authorized to do so,
the prosecutor stated that she and the police were sworn to uphold the
constitution and laws of the state.  The
trial court sustained appellant=s objection to the argument, instructed the jury to disregard, but
denied appellant=s motion for
mistrial. 

Although the prosecutor=s comment that she and the police had sworn to uphold the law was
improper in that it placed matters before the jury that were outside the
record,[6]
the comment was not extreme and was made in response to defense counsel=s argument that the police exceeded their authority in making the
arrest.  Further, we find the trial court=s prompt instruction to disregard was sufficient to cure any error and
that, based on the evidence presented at trial, the comment had no effect on
the outcome of trial.

We overrule appellant=s sole point and affirm the judgment.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 2, 2008











[1]See Tex.
R. App. P. 47.4.





[2]Tex.
Health & Safety Code Ann. ' 481.112(d)(Vernon 2003).

 





[3]Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). 





[4]Id.;
see also Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003),
cert. denied, 542 U.S. 905 (2004).





[5]Hawkins, 135
S.W.3d at 77; Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App.
1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).





[6]See
Everett v. State, 707 S.W.2d 638, 641 (Tex. Crim. App. 1986).