NUMBER 13-04-00325-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ENRIQUE CAVAZOS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 332nd District Court of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 A jury convicted appellant, Enrique Cavazos, of four counts of aggravated robbery
and one count of evading arrest. See Tex. Penal Code Ann. §§ 29.03, 38.04 (Vernon 2003
& Supp. 2006). The jury assessed punishment at thirty years in prison on each count of
aggravated robbery and two years in a state jail facility on the evading arrest count. In six
issues, appellant asserts (1) that he was provided ineffective assistance of counsel; (2) the
evidence is legally and factually insufficient to support his conviction; (3) the trial court
erred in overruling his objection to the State's improper closing argument; (4) the trial court
erred in submitting the case to the jury without requiring the jury to agree on which of six
alternative acts was applicable to appellant; (5) the trial court erred in including in the jury
charge six alternative acts when the evidence was insufficient to support five of the six
acts; and (6) he was denied a fair and impartial trial and due process of law. We affirm. 

I. Background 

 The evidence showed the following sequence of events: four men entered a home
in Alamo, Texas on March 4, 2004. The home was occupied by Angelica Durante
(homeowner); Jaime Durante; Javier Durante, and Gloria Longoria. 

 Angelica Duarate, testified that she was watching television in her bedroom with her
seven-year-old daughter S.D. She heard a noise, went to the living room, and then saw
that "some men" were forcing her brother, Jaime Durante, to the ground with his arms
behind his back. She did not recognize any of the intruders. Angelica further testified that
one of the men then placed a gun to her head and forced her to lie face down on her bed. 
She further stated that the men asked for her purse and began looking through her closet. 
She added that she had just cashed her income tax refund check and thus had
approximately $1,300.00 in her purse. After the intruders left, Angelica went to the front
door and saw that they were fleeing in a red pickup truck. Angelica then called the police. 

 Jaime Durante testified that he was sleeping on the living room sofa when he heard
a knock at the door. He looked out the front window and saw a man hitting the door with
his shoulder and leg. After the door was forced open, Jaime testified that a man held a
"short" gun to the back of his head and put his arm behind his back. He was told not to
look at them and that if he moved they would "fire." Jaime testified that he did not know
any of the men and did not get a good look at their faces. The men took Jaime's wallet
and over $200.00 he had in his pocket. 

 Javier Durante testified that he was asleep in his bedroom when he heard a noise;
he walked out of his bedroom into the hallway and, almost immediately, a gun was placed
to his head. He was told to lie down on the floor. Javier added that on one occasion he
tried to see what was happening, but one of the men put his foot to his head and pushed
him back down. Javier testified that he was afraid for his life. Javier's wallet and over
$100.00 were taken. 

 Gloria Longoria testified that she was watching television in her bedroom and her
one-year-old son M.L. was sleeping. She stated that she heard a loud bang and then
someone kicked her bedroom door open. She added that a man with a cap entered her
bedroom and pointed a black gun at her and her baby. She was told to "sit down and stay
put." She testified that the man pointed the gun at her for two or three minutes. She
stated, however, that she was unable to get a good look at the man. Gloria's purse was
also taken. 

 Alamo police Sergeant Guadalupe Valdez testified that police responded to the 911
dispatch immediately; they found the suspects in the area in a truck matching the
description given by one of the victims. Officer Valdez added that the suspects engaged
the police in a twelve-mile pursuit, reaching speeds up to 90 miles per hour. The chase
ended when the truck crashed into an irrigation ditch. Officer Valdez further testified that
a wallet, black purse, an envelope of money, and some caps were recovered from the
truck. A blue purse was also recovered from the roadside. Officer Valdez further testified
that although the police searched along the route of the pursuit, they were unable to find
any weapons. 

 Officer Valdez also testified about three videotapes that were recovered by cameras
in three patrol cars that participated in the pursuit. The record indicates that the jury
observed the videotapes while Valdez narrated. Officer Valdez identified appellant as the
driver of the truck. The defense rested without calling any witnesses.

II. Ineffective Assistance of Counsel 

 In his first issue, appellant contends that his retained counsel fell below the standard
of effective representation and, therefore, denied him his right to effective assistance of
counsel. We disagree. 

A. Standard of Review 

 We review a claim of ineffective assistance by conducting an inquiry as set forth by
the United States Supreme Court in Strickland. Appellant must show that counsel's
performance was deficient and that this deficient performance prejudiced his defense. 
Strickland v. Washington, 466 U.S. 668, 687 (1984); Mallet v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001). Judicial scrutiny of counsel's performance must be highly
deferential, making every effort to eliminate the distorting effects of hindsight, and indulging
a strong presumption that counsel's conduct falls within the wide range of professional
assistance. Strickland, 466 U.S. at 695. In order to defeat this strong presumption of
reasonable assistance, any allegations of ineffectiveness must be firmly founded in the
record. Mallet, 65 S.W.3d at 63. Furthermore, appellant must affirmatively prove that
counsel's unprofessional actions or omissions prejudiced the defense and that there is a
reasonable probability that, without these errors, a different outcome would have resulted. 
Strickland, 466 U.S. at 693-94; Mallet, 65 S.W.3d at 62-63. 

B. Analysis 

 Appellant contends that his trial counsel was ineffective because he failed to
prepare for trial or provide the most basic defenses to appellant. Specifically, appellant
asserts that his counsel was ineffective because he: (1) failed to file or urge pretrial
motions; (2) failed to make proper objections and challenges for cause in voir dire; (3)
failed to object to the State's allegedly improper opening statement; (4) failed to object to
inadmissible evidence during the State's case in chief; (5) failed to request a lesser
included instruction in the court's charge; (6) failed to object to the State's improper closing
argument; and (7) failed to object to the admission of appellant's prior convictions in the
punishment phase of trial. 

 At the outset, we note that the record is devoid of any explanatory information
regarding the actions of appellant's trial counsel. In the absence of a proper evidentiary
record, it is extremely difficult to show that trial counsel's performance was deficient and
we must presume that his actions were taken as part of a strategic plan for representing
his client. See Rylander v. State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003) (record
insufficient to support ineffective assistance of counsel claim where record was silent
regarding reasons counsel failed to call expert witness, failed to file pre-trial motions, and
failed to adequately prepare witnesses); Mares v. State, 52 S.W.3d 886, 891 (Tex.
App.-San Antonio 2001, pet. ref'd). 

1. Failure to File Pretrial Motions 

 Appellant first contends that, "at the minimum, [trial counsel] should have requested
a witness list, expert witness designations, criminal records of the witnesses, and
requested notice of extraneous offenses." Trial counsel's failure to file pretrial motions is
not per se ineffective assistance of counsel. Id.; Bonilla v. State, 740 S.W.2d 583, 586-87
(Tex. App.-Houston [1st Dist.] 1987, pet.ref'd). Unless appellant shows that the pretrial
motion had merit and that a ruling on the motion would have changed the outcome of the
case, counsel will not be ineffective for failing to assert the motion. Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1988) (citing Roberson v. State, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993)). Here, appellant has made no such showing in regard to the
motions his trial counsel failed to file. 

2. Jury Selection/Voir Dire 

 Appellant next alleges that the trial court's reference to factual allegations of four
victims in one transaction constitutes an improper comment on the weight of the evidence
to which counsel should have objected. Specifically, appellant contends that the trial
court's statements implied to the jury that he personally believed that a crime was
committed, that there were four victims, that there were four perpetrators, and that the
crime occurred during the same transaction. Appellant cites article 38.05 of the code of
criminal procedure, which directs judges to refrain from commenting on the weight of
evidence or making any remark calculated to convey to the jury the judge's opinion of the
case. Tex. Code. Crim. Proc. Ann. art. 38.05 (Vernon 2006). 

 It is clear from the record that these comments do not violate this section of the
code of criminal procedure, as they do not convey the judge's opinion about the case. 
Rather, the reason the trial court made its comments and used the examples it did was to
ensure the jury would properly consider the full range of punishment if the defendant was
convicted. Moreover, appellant has not overcome the presumption that the challenged
action might have been sound strategy. Counsel could have determined that any objection
would be futile and, given the marginal (if any) impact of the statement, decided not to
object. Because there are possible strategic reasons for counsel's conduct, and because
the remarks from the bench did not constitute improper comments, the performance of
appellant's trial counsel did not fall below the standard of reasonable competency. See
Resendez v. State, 160 S.W.3d 181, 190 (Tex. App.-Corpus Christi 2005, no pet.). (1) 

 Appellant also asserts that counsel should have challenged jurors 20 and 28 for
cause. The presumption that trial counsel's conduct falls within the wide range of
reasonable professional assistance applies to counsel's decisions regarding which venire
members to challenge or strike. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994) (holding that trial counsel's failure to challenge impartial juror did not constitute
ineffective assistance of counsel because record did not indicate why counsel did not strike
that venire member); Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992) (same). 
Here, as in Jackson and Delrio, the record does not demonstrate the alleged
ineffectiveness necessary to overcome the presumption of reasonable professional
assistance. 

3. Opening Statement 

 Appellant next complains that counsel was ineffective (1) by not objecting to the
prosecutor's "numerous improper comments during his opening statement" and (2) by
giving an inadequate opening statement. Appellant has not cited a single authority in
support of his contentions and has therefore failed to adequately brief these assertions. 
Tex. R. App. P. 38.1(h). 

4. State's Case in Chief 

 Appellant next contends that his written statement failed to comply with the
requirements of article 38.22 of the Texas Code of Criminal Procedure and, thus, trial
counsel's failure to object to its admission constituted ineffective assistance. (2) However,
appellant's written statement complies with every requirement set forth in article 38.22. 
Each of the warnings listed in section 2(a) is listed on the face of the appellant's written
confession. Officer Vasquez testified that he read appellant each of the warnings, and that
he had appellant place his initials by each warning indicating that he understood them. 
Appellant also signed his name at the bottom of his statement. We conclude that
appellant's written statement complies fully with article 38.22. Thus, trial counsel's failure
to object does not constitute error. (3) 

5. Jury Charge 

 Appellant next contends that trial counsel should have requested a jury charge on
the lesser included offense of robbery. Because the record is silent regarding counsel's
trial strategy, we must presume that he had a plausible reason for not requesting an
instruction on the lesser-included offense of robbery and that he acted within the range of
reasonable professional assistance. The failure to request an instruction on a lesser-included offense can be a valid and reasonable trial strategy. See Lynn v. State, 860
S.W.2d 599, 605 (Tex. App.-Corpus Christi 1993, pet. ref'd). The "all or nothing" strategy
of forcing the jury to choose between the greater offense and acquittal without the
alternative of a lesser-included offense, is risky but sometimes successful. See id. at 603. 
Because appellant has failed to rebut the strong presumption that counsel's decision not
to request the instruction was sound trial strategy, he has not carried his burden under
Strickland. 

6. State's Closing Argument 

 Appellant next alleges that trial counsel erred by not objecting to portions of the
State's closing argument. Again, appellant has failed to cite to any authority supporting his
contentions and has therefore failed to adequately brief these assertions. Tex. R. App. P.
38.1(h). 

7. Punishment Phase

 Appellant next contends that trial counsel should have objected to the admission of
copies of his prior convictions. Appellant asserts that "although the copies are marked
'certified,' they appear to be copies of certified copies of public documents." Appellant
concludes that they should not have been admitted. Once again, appellant has failed to
cite a single authority supporting his assertion and has therefore failed to properly brief this
subissue. Tex. R. App. P. 38.1(h).

 Appellant has failed to show, in any of his ineffective-assistance allegations, that
counsel's performance was deficient and that this deficient performance prejudiced his
defense. See Strickland, 466 U.S. at 692, Mallet, 65 S.W.3d at 62-63. Appellant's first
issue is overruled. 

III. Legal and Factual Sufficiency 

 In his second issue, appellant contends that the evidence is legally and factually
insufficient to show that he was a party to the aggravated robbery. 

A. Standard of Review 

 A legal sufficiency review requires us to view the evidence in light most favorable
to the verdict and determine whether any rationale trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004). 
 In reviewing the evidence for factual sufficiency, we consider all the evidence in a
neutral light to determine whether the evidence supporting the verdict is so obviously weak
as to undermine confidence in the jury's determination, or whether the evidence of guilt,
although adequate if considered alone, is so greatly outweighed by contrary proof that the
jury's verdict is not rationally justified. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000); see also Watson v. State, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006). 

B. Law of Parties

 In order to convict appellant as a party to aggravated robbery, the State had to
prove that he was criminally responsible for the perpetrator's use or exhibition of a firearm
during the offense. See Stephens v. State, 717 S.W.2d 338, 340 (Tex. Crim. App. 1986)
(holding that, in order to convict defendant as party to aggravated offense, there must be
sufficient evidence that defendant was criminally responsible for aggravating element);
Wooden v. State, 101 S.W.3d 542, 547-48 (Tex. App.-Forth Worth 2003, pet. ref'd)
(same). A person is criminally responsible for the conduct of another if, "acting with intent
to promote or assist the commission of the offense, he solicits, encourages, directs, aids,
or attempts to aid the other person to commit the offense." Tex. Penal Code. Ann. §
7.02(a)(2) (Vernon 2003); Wooden, 101 S.W.3d at 546. In determining whether an
accused bears criminal responsibility for an offense, we may look to events before, during,
and after the commission of the offense. Beardsley v. State, 738 S.W.2d 681, 684 (Tex.
Crim. App. 1987). 

 A person commits aggravated robbery if (1) in the course of committing a theft, he
intentionally or knowingly threatened or placed another in fear of imminent bodily injury or
death and used or exhibited a deadly weapon or (2) acted with intent to assist in the
commission of the offense while encouraging, aiding, or attempting to aid others in
committing the offense. Tex. Penal Code. Ann. §§ 7.02 (a)(2), 29.02, 29.03 (Vernon
2003). 

C. Analysis 

1. Legal Sufficiency 

 Appellant first argues that the State did not prove beyond a reasonable doubt that
appellant or his co-conspirators used a firearm in the home invasion. To support his
contention, appellant cites the following: (1) the police did not recover any firearms in the
truck appellant was driving; (2) the victims could not identify that real firearms were used;
(3) appellant stated in his statement to the police, that the handgun he used "looked like
a BB gun." 

 A person commits aggravated robbery if, among other possibilities, he or she uses
or exhibits a deadly weapon during the course of a robbery. Tex. Penal Code Ann. §
29.03(a) (Vernon 2003). The Texas Penal Code lists two categories of "deadly weapons." 
Id. § 1.07 (Vernon Supp. 2006); Robertson v. State, 163 S.W.3d 730, 732 (Tex. Crim. App.
2005). The fist category is comprised of those instruments designed to be deadly
weapons, including "a firearm or anything manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(A). 
The second category is comprised of those instruments whose use transforms them into
deadly weapons, including "anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury." Id. § 1.07(a)(17(B). Here, the
indictment specifically charged that appellant used and exhibited a firearm while
committing robbery. Therefore, the State had the burden to prove beyond a reasonable
doubt that appellant in fact used and exhibited a firearm during the robbery. See Thomas
v. State, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991); Tidwell v. State, 187 S.W.3d 771,
775-76 (Tex. App.-Texarkana 2006, pet. dism'd). 

 It is true that the term "gun" may be a much broader term than "firearm" and may
include such nonlethal instruments as BB guns, blow guns, pop guns, and grease guns,
see O'Briant v. State, 556 S.W.2d 333, 336 (Tex. Crim. App. 1977). Courts have also
recognized, however, that the fact finder may draw reasonable inferences and make
reasonable deduction from the evidence as presented to it within the context of the crime. 
Goodin v. State, 750 S.W.2d 857, 859 (Tex. App.-Corpus Christi 1988, pet ref'd). Absent
any specific indication to the contrary at trial, the jury should be able to make the
reasonable inference, from the victim's testimony that the "gun" was used in the
commission of a crime, was, in fact, a firearm. See Wright v. State, 591 S.W.2d 458, 459
(Tex. Crim. App. 1979); Joseph v. State, 681 S.W.2d 738, 739 (Tex. App.-Houston-[14th
Dist.] 1984, no pet.) (testimony that defendant used "gun" or "long-barreled gun" was
sufficient to establish that he used a firearm). 

 Here, the record is replete with evidence that firearms were used as alleged in the
indictment. Appellant admitted in his statement to police that he carried a handgun, albeit
one "that looked like a BB gun." Appellant also admitted that he had gone to the residence
to rob the inhabitants. The four adult victims, who were located in different areas of the
home, each testified that he or she had been restrained by gunpoint by at least one of the
intruders. Jamie Durante testified that the home invader threatened to "fire" at him if he
did not stay down. All four victims testified that they were afraid of their lives. 

 Lastly, regarding appellant's self-serving testimony that the pistol was merely an BB
gun, as sole judge of the credibility of the witnesses and the weight to be given their
testimony, the jury was free to completely disregard appellant's testimony and assign it no
weight. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); McCelvey v.
State, 143 S.W.3d 522, 531 (Tex. App.-Austin 2004, pet. ref'd). We find that the evidence
was legally sufficient to support the conclusion that a firearms were used and exhibited
during the robbery. (4) 

2. Factual Sufficiency 

 Appellant next asserts that there is factually insufficient evidence that each one of
the co-conspirators each threatened or placed in fear of imminent bodily injury or death
each of the four victims. He asserts that the evidence shows that "distinct suspects
threatened separate victims and that not all three co-conspirators each threatened all four
victims." He also asserts that the evidence is insufficient to prove that the named
individuals were involved in the robbery. 

 In his statement, appellant himself specifically placed two of his co-conspirators,
Jose Luis Garcia and Armando Salinas, at the home invasion. He also stated that another
man was present. Officer Valdez testified that Armando Salinas, Jose Luis Garcia, Alfredo
Fonseca and appellant were all apprehended immediately after the police pursuit ended. 
Thus, the evidence is sufficient to establish the identities of the co-defendants. 

 Further, appellant misunderstands the law of parties, under which a person may be
held criminally responsible for the conduct of another. See Tex. Penal Code Ann. §
7.02(a)(2) (Vernon 2003). The evidence must show that, at the time of the offense, the
parties were acting together, each contributing some part toward the execution of their
common purpose. See Escobar v. State, 28 S.W.3d 767, 774 (Tex. App.-Corpus Christi
2000, pet. ref'd); Rosillo v. State, 953 S.W.2d 808, 814 (Tex. App.-Corpus Christi 1997,
pet. ref'd). Contrary to appellant's assertion, the State was not required to prove that each
co-conspirator committed each element of the offense against each victim. See Wooden
v. State, 101 S.W.3d 542, 548 (Tex. App.-Fort Worth 2003, pet. ref'd). 

 Here, we examine the aggravated robbery from beginning to end to assess the
participation and contribution from appellant. First, in his statement, appellant
acknowledged that he drove to the house in question. He exited the vehicle with a gun in
hand, walked up to the door and, after it was kicked open, he entered the home. 
Appellant's presence and participation thus far shows an understanding and common
design to commit this aggravated robbery. 

 Second, we note that, each of the four adult victims testified that he or she had been
restrained at gunpoint by at least one of the intruders. While it is not entirely clear which
of the four men took what particular actions, the testimony shows that all men played active
roles in the aggravated robbery. 

 Finally, the record shows that all four men fled the home together, with appellant
driving the vehicle. Based on the evidence of events occurring before, during, and after
the commission of the aggravated robbery, we conclude the record supports the jury's
verdict by providing factually sufficient evidence appellant, acting with intent to promote or
assist the commission of the offense, encouraged and aided Armando Salinas, Jose Luis
Garcia, and Alfredo Fonseca in the commission of aggravated robbery. See Tex. Penal
Code Ann. § 7.02(a)(2). The record demonstrates that all four men were acting in concert,
"each contributing some part toward the execution of their common purpose." See
Escobar, 28 S.W.3d at 774. We, therefore, conclude the evidence is factually sufficient
to support appellant's conviction. 

 Having found the evidence both legally and factually sufficient, we overrule
appellant' second issue. 

IV. Improper Jury Argument

 In his third issue, appellant contends the State engaged in improper argument at the
punishment phase of the trial. Specifically, appellant asserts the State's argument
overstepped the boundaries of possible plea for law enforcement and asserted a
community expectation.

A. Standard of Review 

 An assertion of improper jury argument requires us to review the record in its
entirety to determine whether any erroneous statements were made, and if so, whether
they were so prejudicial as to deprive appellant of a fair and impartial trial. Willis v. State,
785 S.W.2d 378, 385 (Tex. Crim. App. 1989). There are four permissible areas of jury
argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3)
answer to argument of opposing counsel; and (4) plea for law enforcement. Wilson v.
State, 938 S.W.2d 57, 59 (Tex. Crim. App. 1988); Chavero v. State, 36 S.W.3d 688, 699
(Tex. App.-Corpus Christi, 2001, no pet.). An argument which exceeds these bounds is
error, but only becomes subject to reversal if, in light of the record as a whole, the
argument is extreme or manifestly improper, violative of a mandatory statute, or injects new
facts harmful to the accused into the trial. Felder v. State, 848 S.W.2d 85, 94-5 (Tex. Crim.
App. 1992); Everett v. State, 707 S.W.2d 638, 640 (Tex. Crim. App. 1986). To determine
if the prosecutor made an improper jury argument, the reviewing court must consider the
entire argument in context - not merely isolated instances. See Rodriguez v. State, 90
S.W.3d 340, 364 (Tex. App.-El Paso 2001, pet. ref'd). 

B. Analysis

 During the State's argument, the following exchange took place: 

 Right now the interest of the community is focused on this case. You've
seen the cameras come in here. They are interested in what happens
here because people are interested in what happens to your home. And
we all - 

 

 [Defense Attorney]: Your honor, I am going to object. Calls for an
improper plea for law enforcement. 


 [The Court]: It's overruled. 


 A plea for law enforcement is a permissible area of jury argument. See Wilson, 938
S.W.2d at 59; Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). Here, it is
clear from context that the State was attempting to convince the jury to act as the voice of
the community, which constitutes a plea to law enforcement and does not constitute an
improper appeal to community expectations. See Rodriguez, 90 S.W.3d at 365. 
Furthermore, considering the argument and the record as a whole, we cannot say the
argument is extreme or manifestly improper, violative of a mandatory statute, or injects new
facts harmful to the accused into the trial. See Felder, 848 S.W.2d at 94-6; Everett, 707
S.W.2d at 640. We conclude the State did not commit improper jury argument. See Willis,
785 S.W.2d at 385. We overrule appellants third issue. 

V. Unanimity of Jurors 

 In his fourth issue, appellant argues that the jury instruction failed to require a
unanimous verdict in violation of his rights under both the United States and Texas
Constitutions and the Texas Penal Code. See U.S. Const. amends. VI, XIV; Tex. Const.
art. I, § 19, art. V, § 13; Tex. Penal Code Ann. § 2.01 (Vernon 2003). The jury charge
allowed the jury to find appellant guilty of the alleged offense as a principal or under the
law of parties. Appellant did not object at trial and alleges on appeal that the charge
violated the unanimity requirement because the jury was not required to unanimously agree
(1) whether principal or party liability would be the basis for the verdict, or (2) as to which
method appellant utilized to commit the offense. Appellant's fifth issue is similar; he
asserts that the evidence was insufficient to show that appellant committed five of the six
acts alleged in the jury charge. 

 When defense counsel does not object to a jury charge, error, if any, does not
require reversal unless it was so egregious and created such harm that appellant was
denied a fair trial. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). The
jury charge in this case was not erroneous. Even though the indictment in this case
alleged differing methods of committing the offense in the conjunctive, it is permissible to
charge the jury in the disjunctive. Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App.
1991). When alternative theories of committing the same offense are submitted to the jury
in the disjunctive, it is appropriate for the jury to return a general verdict if the evidence is
sufficient to support a finding under any of the theories submitted. Id.; Hanson v. State,
55 S.W.3d 681, 694 (Tex. App.-Austin 2001, pet. ref'd). As discussed earlier, the
evidence is legally and factually sufficient to support a conviction under any of the theories
submitted to the jury. The unanimity requirement is not violated by instructing the jury on
alternative theories of committing the same offense. Martinez v. State, 129 S.W.3d 101,
103 (Tex. Crim. App. 2004). Accordingly, we overrule appellant's fourth and fifth issue. 

VI. Fair Trial

 In his final issue, appellant contends, considering the trial as a whole, he was denied
a fair and impartial trial and due process of law. To support his argument, appellant
"incorporate[s] by reference" all previously stated issues. Having already overruled issues
one through five, we overrule appellant's sixth issue. 

VII. Conclusion

 The judgment of the trial court is affirmed. 


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 30th day of August, 2007.
1. Appellant also complains that trial counsel should have objected to the State's remarks at jury
selection. Appellant has not cited a single authority to support his contentions and has therefore failed to brief
this subissue. Tex. R. App. P. 38.1(h).
2. Article 38.22, section 2(a), requires the following warnings to be made: 


 (1) he has the right to remain silent and not make any statement at all and that any statement
he makes may be used against him at his trial; 

 

 (2) any statement he makes may be used as evidence against him in court; 

 

 (3) he has the right to have a lawyer present to advise him prior to and during questioning; 

 

 (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise
him prior to and during any questioning; 

 

 (5) he has the right to terminate the interview at any time. 


Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a) (Vernon 2005). 
3. Appellant also asserts that trial counsel erred by not objecting to "inadmissible hearsay." Appellant
has not cited a single authority to support his contentions and has therefore failed to brief this subissue. Tex.
R. App. P. 38.1(h).
4. Appellant cites to two cases that stand for the proposition that the State has the burden of proving
that an alleged deadly weapon was capable of causing death or serious bodily injury in the manner of its use
or intended use. See McCain v. State, 22 S.W.3d 497, 502 (Tex. Crim. App 2000); Lee v. State, 51 S.W.3d
365, 371-76 (Tex. App.-Austin 2001, no pet.). However, each case appellant cites involved an instrument
in the second category of deadly weapons, i.e., those whose use or intended use converted them into deadly
weapons. See Tex. Penal Code Ann § 1.07(a)(17)(B); McCain, 22 S.W.3d at 502 (knife); Lee, 51 S.W.3d at
371-76 (air pistol). Here, appellant was charged with using or exhibiting a firearm, which is the first category
of deadly weapons and thus a deadly weapon per se. See Tex. Penal Code Ann. § 1.07(a)(17)(A). 
Accordingly, the State did not have to prove that the pistols used were capable of causing death or serious
bodily injury in the manner of it use or intended use; it only had to prove that the pistols were in fact a firearm. 
This it did through the four victim's testimony.