# NO. 12-07-00370-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK MOSLEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mark Mosley appeals his conviction of possession of between four and two hundred grams of cocaine, for which he was sentenced to imprisonment for life. In two issues, Appellant argues that the evidence is factually insufficient to support the trial court's judgment and the trial court improperly denied his motion for mistrial. We affirm.

### BACKGROUND

On May 16, 2007, officers from the Smith County Sheriff's Department were patrolling a known "crime area" near Highway 110 and County Road 471 ("CR 471"). The officers were seeking a suspect with felony warrants who was frequenting known or suspected "drug houses" in the area. As they patrolled the area, Smith County Sheriff's Deputies Glen Blalock and Curtis Dinger drove their motorcycles past a house with several people and cars in the yard. Minutes later, Blalock and Dinger turned around and drove by the house again, at which time they noticed that the people in the yard had entered their vehicles and were beginning to leave.

As Blalock and Dinger reached the end of the driveway, a pickup truck was backing down the driveway toward them. Dinger sought to initiate contact with the driver, later determined to be Appellant, who then began to drive toward the rear of the residence, increased his speed, drove through a barbed wire fence behind the residence, and continued driving into a field with Dinger in

pursuit. Blalock turned his patrol cycle around and drove toward CR 471 in an attempt to intercept the truck. As Blalock proceeded along CR 471, he soon saw the truck enter the roadway and gave chase. Smith County Sheriff's Deputy Jeremy Black and Lieutenant Craig Shelton joined the pursuit, which continued onto Highway 110 and, ultimately, onto a private drive. At the end of the private drive, the truck stopped next to a mobile home. The passenger of the vehicle took flight into a nearby wooded area. Black, Dinger, and Blalock soon apprehended the passenger. Meanwhile, Appellant, who was slow to exit the truck due to its close proximity to a mobile home, was forcefully apprehended as he exited. Upon searching the truck, Tomlin and North located an open shoe box between the driver's and passenger's seats containing a large quantity of cocaine and marijuana.

Appellant was charged by indictment with possession of between four and two hundred grams of cocaine. The indictment further alleged that Appellant had been previously convicted of burglary of a habitation. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged. Following a trial on punishment, the jury found the enhancement allegation in the indictment to be "true" and assessed Appellant's punishment at imprisonment for life. The trial court sentenced Appellant accordingly, and this appeal followed.

## FACTUAL SUFFICIENCY

In his first issue, Appellant argues that the evidence is not factually sufficient to support the trial court's judgment. Specifically, Appellant contends that there is factually insufficient evidence to support that he possessed the cocaine at issue.

When an appellant raises a contention that the evidence is not factually sufficient to support the trial court's judgment, we must first assume that the evidence is legally sufficient under the *Jackson*[1] standard. *See Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all of the evidence weighed by the fact finder that tends to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to disprove that fact. *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we are authorized to disagree with the fact finder's determination, even if probative evidence exists that supports the

---

[1]*See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

verdict, *see Clewis*, 922 S.W.2d at 133, our evaluation should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility of witness testimony. *Santellan*, 939 S.W.2d at 164. Where there is conflicting evidence, the verdict on such matters is generally regarded as conclusive. *See Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.– El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Watson v. State,* 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (evidence is factually insufficient only when reviewing court objectively concludes that the great weight and preponderance of the evidence contradicts the verdict).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.* The use of the hypothetically correct jury charge applies to review for both legal and factual sufficiency. *See Wooley v. State*, No. PD-0861-07, 2008 WL 2512843, at *1 (Tex. Crim. App. Jun. 25, 2008).

In the case at hand, to support Appellant's conviction for possession of cocaine, the State was required to prove that Appellant (1) exercised control, management, or care over the substance and (2) knew the matter possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that circumstances exist. TEX. PENAL CODE ANN. § 6.03(b) (Vernon 2003). The State must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. *Poindexter*, 153 S.W.3d at 406. When the accused is not in exclusive possession of the place where the substance is found, we cannot conclude that he had knowledge of and control over the contraband unless there are additional independent facts and circumstances

3

which link the accused to the contraband.[2] *Id.* Links that may circumstantially establish the sufficiency of the evidence to prove that a defendant had knowing "possession" of contraband include the following: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans*, 202 S.W.3d at 162 n.12. It is not the number of links that is dispositive, but rather the logical force of all of the evidence, both direct and circumstantial. *Id.* Ultimately, the question of whether the evidence is sufficient to link the appellant to the contraband must be answered on a case by case basis. *See Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.–Austin 1991, pet. ref'd).

In the instant case, Appellant acknowledges that there is evidentiary support linking him to the contraband in the shoe box found in between the driver's and passenger's seats of the truck in which he sought to elude officers. Yet Appellant argues that other evidence of record supports that he was not the owner of the truck, that he had only temporary control of the vehicle, and that he was not aware of the presence of the contraband. Aside from our presumption that the evidence is legally sufficient, we note that the evidence linking Appellant to the contraband is strong. Appellant was present when the search was conducted, the contraband was in plain view and easily accessible to Appellant, other contraband was present, and Appellant attempted to flee. On the other hand, Appellant testified that he had been driving the truck for only a few minutes and had not seen the box located between the two seats, given his agitated state. Moreover, Appellant notes that he was not under the influence of narcotics, did not possess any drug paraphernalia on his person when

---

[2] The court of criminal appeals has recognized that the adjective "affirmative" adds nothing to "link" and resolved to use only the word "link" to describe circumstances tending to connect the accused to the contraband. *See Evans v. State*, 202 S.W.3d 158, 161-62 & n.9 (Tex. Crim. App. 2006).

4

arrested, did not make any furtive gestures, and did not make any incriminating statements.

We have reviewed the record in its entirety. We iterate that our evaluation should not substantially intrude upon the trial court's role as the sole judge of the weight and credibility of witness testimony, *see **Santellan***, 939 S.W.2d at 164, and where there is conflicting evidence, the trial court's verdict on such matters is generally regarded as conclusive. *See **Van Zandt**,* 932 S.W.2d at 96. As such, we note that the jury was entitled to disbelieve Appellant's testimony that he was unaware of the box containing a large quantity of marijuana and cocaine located between the driver's and passenger's seats in the vehicle in which he was attempting to flee from multiple police officers. *See, e.g., **Thompson v. State***, 54 S.W.3d 88, 97 (Tex. App.–Tyler 2001, pet. ref'd) (The jury was entitled to find that a witness was more credible than the appellant or that the witness's version of the story was a more accurate account than the version of the story offered by Appellant.).

Our review of the record as a whole, with consideration given to all of the evidence, both for and against the trial court's finding, has not revealed to us any evidence that causes us to conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly unjust. Therefore, we hold that the evidence is factually sufficient to support the trial court's judgment. Appellant's first issue is overruled.

### IMPROPER JURY ARGUMENT

In his second issue, Appellant argues that the trial court erred in failing to grant his motion for mistrial following the State's jury argument regarding "other alleged offenses which were outside the record." Specifically, Appellant argues that the following portion of the State's jury argument[3] warranted a declaration of mistrial:

> I tell you what, people need to be taken care of that are slinging this stuff in your community. And we've got to take them down one at a time. And you are the last line of defense, and you are the ones that get to do it.
>
> This is what people kill for. This is what people steal for. This is what people shoot other people for. And we're calling on your to put a stop to it. This kind of garbage ....[4]

---

[3] We have reproduced a larger portion of the statement that Appellant referenced in his brief so that the context of the statement can be better understood.

[4] Appellant's objection to the prosecuting attorney's argument was sustained. The trial court thereafter instructed the jury to disregard the statement, but denied Appellant's motion for mistrial. The trial court further instructed the jury that it was to review the court's charge, apply the evidence to the applicable law as set forth in the court's charge, and decide the case based upon the evidence.

An assertion of improper jury argument requires us to review the record in its entirety to determine whether any erroneous statements were made, and if so, whether they were so prejudicial as to deprive the appellant of a fair and impartial trial. *See Willis v. State*, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989). There are four permissible areas of jury argument: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. *Wilson v. State*, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996); *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). An argument that exceeds these bounds is error, but only becomes subject to reversal if, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial. *Felder v. State*, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992); *Everett v. State*, 707 S.W.2d 638, 640 (Tex. Crim. App. 1986).

To determine if the prosecutor made an improper jury argument, the reviewing court must consider the entire argument in context—not merely isolated instances. *See Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex. App.–El Paso 2001, pet. ref'd). The State may make a proper plea for law enforcement, including arguing the relationship between the jury's verdict and the deterrence of crime in general, arguing that juries should deter specific crimes by their verdicts, and arguing the impact of the jury's verdict on the community. *See Borjan v. State*, 787 S.W.2d 53, 55–56 (Tex. Crim. App. 1990); *Rodriguez*, 90 S.W.3d at 365.

In the case at hand, we have considered the statement of which Appellant complains in light of the entirety of the State's jury argument. In that context, it is apparent that the State was attempting to convince the jury to act as the voice of the community, which constitutes a plea to law enforcement. *See Rodriguez*, 90 S.W.3d at 365. There is no indication that the State, by its generalized statement concerning other crimes and their relation to the narcotics trade, was attempting to convince the jury that Appellant was guilty of or should be held responsible for the commission of such crimes. As such, we conclude the State's comments fell within the bounds of proper jury argument and hold that the trial court did not err in denying Appellant's motion for mistrial. Appellant's second issue is overruled.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

           **JAMES T. WORTHEN**
           Chief Justice

Opinion delivered February 25, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)